Ms. Catherine D. Reischmann Casselberry City Attorney Stenstrom, McIntosh, Colbert, Whigham Simmons, P.A. Post Office Box 4848 Sanford, Florida 32772-4848
Dear Ms. Reischmann:
On behalf of the City of Casselberry, you have requested my opinion on substantially the following question:
May the City of Casselberry require candidates for the office of commissioner of the city's community redevelopment agency to provide proof of "engaging in a business" by submitting a copy of an occupational license or a state license showing an address within the community redevelopment area?
In sum:
The City of Casselberry may not require, as a qualification for appointment to the community redevelopment agency, that persons "engaged in business" in the community redevelopment area possess an occupational license or other state license showing an address. While such documentation may provide evidence that is relevant to the candidate's qualifications, possession of such a license may not be mandated.
According to your letter, the City of Casselberry is considering adopting a requirement that candidates for the office of community redevelopment commissioner who are not residents of the area provide proof of "engaging in a business" by submitting a copy of an occupational license or a state license showing an address in the redevelopment area. You have asked whether such a requirement would meet the spirit and letter of the law.
Part III, Chapter 163, Florida Statutes, is the "Community Redevelopment Act of 1969."[1] The act provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of slums and blighted areas.[2]
Upon finding a necessity and need for an agency to carry out the purposes set forth in the act, a county or municipality may create a body corporate and politic to be known as a "community redevelopment agency."[3] A board of commissioners consisting of not fewer than five or more than seven commissioners, who are appointed by the governing body of the county or municipality, serves as the governing body of the agency.[4]
With regard to residence requirements for commissioners, section163.356(3)(b), Florida Statutes, provides that
"Any person may be appointed as commissioner if he or she resides or is engaged in business, which means owning a business, practicing a profession, or performing a service for compensation, or serving as an officer or director of a corporation or other business entity so engaged, within the area of operation of the agency, which shall be coterminous with the area of operation of the county or municipality, and is otherwise eligible for such appointment under this part."
Thus, this statute requires that a commissioner either be a resident or be engaged in business within the area of operation of the agency.[5]
Further, the statute provides what "engaged in business" means for purposes of the act.
Chapter 205, Florida Statutes, is the "Local Occupational License Tax Act."[6] For purposes of the act a "[l]ocal occupational license" means "the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction."[7]
The act authorizes municipalities to "levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction."[8] The occupational license tax may be levied on:
"(1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction. (2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction. (3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the license tax is not prohibited by s. 8, Art. I of the United States Constitution."[9]
The tax must be based on reasonable classifications and must be uniform throughout a class.[10] A license is not valid for more than one year, and the statute provides that all licenses expire on September 30 of each year.[11] While various exemptions are made from the requirement to pay for an occupational license, the statutes recognize that a license is required, even of those in protected classes,[12] in order to engage in business. Thus, an occupational license would provide evidence that an individual was "engaged in business" in a particular location.
In Attorney General's Opinion 90-19 this office was asked whether a city could require that commissioners of a community redevelopment agency reside within the community development area. A "community redevelopment area" is more limited than the boundaries of the "community redevelopment agency" which, in this case, are coterminous with the municipality.[13]
Thus, the city sought to restrict the appointed members of the community redevelopment agency those who reside in or engage in business in a smaller geographical area than the statute allowed. The opinion relies on the rule of statutory construction that where the legislative intent is plain and unambiguous, there is no necessity for any construction or interpretation of the statute, and effect need only be given to the plain meaning of its terms[14] to conclude that the municipality could not impose any residence requirements on community redevelopment commissioners other than those set forth in the statute.
Attorney General's Opinion 99-49 considered whether an officer or director of a not-for-profit corporation would qualify as a person "engaged in business" within the scope of section 163.356(3)(b), Florida Statutes, if the corporation was performing services for compensation within the area of the community redevelopment agency's operation. The opinion noted that the right to hold public office is one of the most valuable rights of citizenship and should not be prohibited or curtailed except by plain provision of law.[15] The opinion concluded that, while the statute does not specify that maintenance of an office within the agency's area of operation is required, maintenance of such an office by a corporation would constitute evidence of the corporation's presence within the area.
While the statute does not specify that the corporation must maintain an office within the agency's area of operation, maintenance of such an office clearly would constitute evidence of the corporation's presence within the area. As the court recognized in Isern v. City of West Miami,[16] a permanent presence of a business also could be established by a warehouse or storage facility or other related facility involved in the operation of the business, as well as offices.
Clearly, there may be situations where a person desiring to serve on a community redevelopment agency might not have an occupational license, or other such license, but would be engaged in business within the area of operation of the community redevelopment agency and would thus be qualified to serve under the terms of the statute.[17]
Therefore, it is my opinion that the City of Casselberry may not require, as a qualification for appointment, that persons "engaged in business" in the community redevelopment area possess an occupational license or other state license showing an address. While such documentation may provide evidence that is relevant to the candidate's qualifications, possession of such a license may not be mandated.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 163.330, Fla. Stat., providing the title for the act.
[2] Section 163.355, Fla. Stat.
[3] Section 163.356(1), Fla. Stat. And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[4] Section 163.356(2), Fla. Stat.
[5] See, AGO's 99-49 (1999) and 90-19 (1990).
[6] See, s. 205.013, Fla. Stat., providing the title for the act.
[7] Section 205.022(1), Fla. Stat.
[8] See, s. 205.042, Fla. Stat.
[9] Section 205.042(1)-(3), Fla. Stat. Among those who may not be subjected to local occupational license taxes under subsection (3) are freight transfer facilities such as that considered in City of Tampa v.Carolina Freight Carriers Corp., 529 So.2d 324 (2d DCA Fla. 1988).
[10] Section 205.043(1)(a), Fla. Stat.
[11] Section 205.043(1)(c), Fla. Stat.
[12] I would note that Chapter 205, Florida Statutes, the "Local Occupational License Tax Act," provides a number of exemptions for protected classes of individuals. Section 205.162(1), Florida Statutes, provides, in part:
"All disabled persons physically incapable of manual labor, widows with minor dependents, and persons 65 years of age or older, with not more than one employee or helper, and who use their own capital only, not in excess of $1,000, shall be allowed to engage in any business or occupation in counties in which they live without being required to pay for a license. . . . Any person entitled to the exemption provided by this section shall, upon application and furnishing of the necessary proof as aforesaid, be issued a license which shall have plainly stamped or written across the face thereof the fact that it is issued under this section, and the reason for the exemption shall be written thereon."
Thus, disabled persons, among others, are relieved of the obligation of paying for an occupational license although they must obtain such a license. See, Article I, s. 2, Florida Constitution, recognizing that "[n]o person shall be deprived of any right because of race, religion, national origin, or physical disability.")
[13] See, s. 163.340(1) and (10), Fla. Stat., defining "community redevelopment agency", and "[c]ommunity redevelopment area" respectively.
[14] See, e.g., State v. Egan, 287 So.2d 1, 4 (Fla. 1973); VanPelt v. Hilliard, 78 So. 693 (Fla. 1918).
[15] See, Op. Att'y Gen. Fla. 99-49 (1999) citing Ervin v. Collins,85 So.2d 852 (Fla. 1956); State ex rel. West v. Gray, 70 So.2d 471 (Fla. 1954); State ex rel. Fraser v. Gay, 28 So.2d 901 (1947).
[16] 244 So.2d 420, 423 (Fla. 1971).
[17] See, s. 561.342(3), Fla. Stat., prohibiting local governments from imposing any tax on the distribution or sale of alcoholic beverages, and Op. Att'y Gen. Fla. 83-83 (1983), concluding that municipalities are statutorily prohibited from imposing an occupational license tax on the sale of alcoholic beverages.